THE HONORABLE RICARDO S. MARTINEZ

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | No. CR25-064-RSM |
| Plaintiff, | ) ) | MOTION TO CONTINUE TRIAL AND EXTEND PRETRIAL MOTIONS DEADLINE |
| v. | ) ) | |
| DAUNISAI NAPAU WAQANISAU, | ) ) | Note on Motion Calendar: May 27, 2025 |
| Defendant. | ) ) | |
| | ) | **Oral Argument Requested** |

Daunisai Waqanisau, through counsel, requests a continuance of the trial to August 18, 2025, with a pretrial motions deadline consistent with the new trial date. Assistant United States Attorney Laura Harmon opposes the continuance in that she requests a trial after October 2025, when she returns from leave. Mr. Waqanisau objects to such a lengthy continuance and therefore requests a trial at an earlier date.

I.   **BACKGROUND**

This case arises out of an investigation that began in September 2022, when Google sent a Cybertip to the National Center for Missing and Exploited Children about five files stored in the Google Photos infrastructure. The Google account was registered to Dau Napau and listed three phone numbers. Investigators did not seek any warrants until June 2023 to investigate further. Investigation by the King County Sheriff's Department revealed no IP addresses associated with the uploaded files, and the only sign on information resolved to the Redmond/Kirkland area in the months prior to the

MOTION TO CONTINUE TRIAL AND EXTEND
PRETRIAL MOTIONS DEADLINE
(*United States v. Waqanisau*, No. CR25-064-RSM) - 1

**FEDERAL PUBLIC DEFENDER**
**1601 Fifth Avenue, Suite 700**
**Seattle, WA 98101**
**(206) 553-1100**

Cybertip report. Law enforcement agencies searched for evidence of Mr. Waqanisau's past and current residence with limited success.

On February 23, 2024, an Information was filed in King County Superior Court. On March 6, 2024, Mr. Waqanisau appeared in court, and counsel filed an appearance. The case remained pending until Mr. Waqanisau indicated that he wished to exercise his Sixth Amendment right to a trial.

On April 16, 2025, the government sought and obtained an indictment. Mr. Waqanisau faces one count receipt of child pornography in violation of 18 U.S.C. §§ 2252(a)(2) and (b)(1), and one count of possession of child pornography in violation of 18 U.S.C. §§ 2252(a)(4)(B) and (b)(2). Dkt. 3. At the initial appearance, on April 24, 2025, he pleaded not guilty to the charges, requested discovery, and the Court released him on bond. Dkt. 8. The Court scheduled trial for June 30, 2025, with pretrial motions due by May 15, 2025. *Id.* While Mr. Waqanisau was entering the courthouse, multiple Sheriff's deputies surrounded him and seized his phone.

On April 29, 2025, defense counsel contacted the government to learn the timeline of discovery production and to schedule a computer forensic expert to review the digital evidence, and the parties scheduled a time to review the digital evidence during the last week of May 2025.

On May 5, 2025, the government provided discovery. This discovery does not include the warrant for Mr. Waqanisau's phone or the supporting affidavit, and the government has not yet provided any forensic copies of devices or any forensic reports.

## II.     DISCUSSION

### A. The Court Should Continue the Trial Until August 18, 2025

Counsel has attempted to access and review discovery as quickly as possible. Mr. Waqanisau has been waiting for his trial for well over a year and does not wish to delay his trial longer. He and his counsel cannot, however, adequately review

MOTION TO CONTINUE TRIAL AND EXTEND
PRETRIAL MOTIONS DEADLINE
(*United States v. Waqanisau*, No. CR25-064-RSM) - 2

**FEDERAL PUBLIC DEFENDER**
**1601 Fifth Avenue, Suite 700**
**Seattle, WA 98101**
**(206) 553-1100**

discovery, consult with experts, conduct investigation, address legal issues, research pretrial motions, and obtain records within the time necessary for trial on June 30, 2025. He requests a continuance of trial to August 18, 2025.

For these reasons, counsel requests the Court find:

(a) taking into account the exercise of due diligence, a failure to grant a continuance would deny counsel the reasonable time necessary for effective preparation due to counsel's need for more time to review the evidence, consider possible defenses, and gather evidence material to the defense, as set forth in 18 U.S.C. § 3161(h)(7)(B)(iv);

(b) a failure to grant a continuance would likely result in a miscarriage of justice, as set forth in 18 U.S.C. § 3161(h)(7)(B)(i);

(c) the time requested is a reasonable period of delay as the defendant has requested more time to prepare for trial, to investigate the matter, to gather evidence material to the defense, and to consider possible defenses;

(d) the ends of justice will best be served by a continuance, and the ends of justice outweigh the interests of the public and the defendant in any speedier trial, as set forth in 18 U.S.C. § 3161(h)(7)(A); and

(e) the time between the current and requested trial dates is necessary to provide counsel reasonable time to prepare for trial considering counsel's schedule and all the facts set forth above.

Mr. Waqanisau has executed a speedy trial waiver acknowledging that he is waiving speedy trial rights under the Sixth Amendment and the Speedy Trial Act, 18 U.S.C. §§ 3161–3174, and agreeing that the period from the date of the Court's order to September 1, 2025—two weeks after the requested trial date—shall be excludable pursuant to 18 U.S.C. § 3161(h)(7)(A). The waiver will be filed with this motion.

MOTION TO CONTINUE TRIAL AND EXTEND
PRETRIAL MOTIONS DEADLINE
(*United States v. Waqanisau*, No. CR25-064-RSM) - 3

**FEDERAL PUBLIC DEFENDER**
**1601 Fifth Avenue, Suite 700**
**Seattle, WA 98101**
**(206) 553-1100**

### B. The Court Should Deny Any Request by the Government for a Longer Continuance

Mr. Waqanisau opposes any request by the government to continue the trial date until October 2025 or later. He expects the government to file a motion to continue the trial because of AUSA Harmon's anticipated Family Medical Leave through October 2025. On May 13, 2025, AUSA Gregson filed an appearance. She has indicated that other trials will make an August trial difficult.

The record does not suggest that the government's interest in continuity of counsel outweighs Mr. Waqanisau's and the public's interest in a speedy trial. Whether this interest is a sufficient basis to warrant a delay depends on multiple factors, including (1) the size of the U.S. Attorney's Office, (2) "whether there is another qualified prosecutor available, (3) how much specialized knowledge the first prosecutor has developed about the case, (4) how difficult the case is, and (5) how different it is from other cases generally handled by the particular United States Attorney's Office." *United States v. Lloyd*, 125 F.3d 1263, 1271 (9th Cir. 1997).

The record does not support the conclusion that no other Assistant U.S. Attorneys can handle this case. The U.S. Attorney's Office for the Western District of Washington has a staff of approximately 84 attorneys. U.S. Dep't Just., W.D. Wash., *Divisions*, available at https://www.justice.gov/usao-wdwa/divisions#:~:text=The%20office%20has%20a%20staff,well%20as%20a%20Civil%20Division. (last accessed May 15, 2025). Cases involving child sexual abuse material are common in this district. During Fiscal Year 2024, 3.2% of sentences imposed in this district were for CSAM-related offenses. U.S. Sent'g Comm'n, *Statistical Information Packet, Fiscal Year 2024: Western District of Washington*, available at https://www.ussc.gov/sites/default/files/pdf/research-and-publications/federal-sentencing-statistics/state-district-circuit/2024/waw24.pdf (last

MOTION TO CONTINUE TRIAL AND EXTEND
PRETRIAL MOTIONS DEADLINE
(*United States v. Waqanisau*, No. CR25-064-RSM) - 4

**FEDERAL PUBLIC DEFENDER**
**1601 Fifth Avenue, Suite 700**
**Seattle, WA 98101**
**(206) 553-1100**

1  accessed May 15, 2025). Indeed, undersigned counsel is currently assigned to six cases
2  involving CSAM-related charges.
3       There is no reason to believe other Assistant U.S. Attorneys are incapable of
4  handling this case. This is a simple case. The discovery is manageable. The government
5  has produced 431 pages of written materials containing information about Mr.
6  Waqanisau's limited criminal history, the Cybertip reports, law enforcement reports,
7  search warrants, and search warrant returns from Google, Lumen, T-Mobile, Verizon,
8  Ziply, and Meta. There is no indication that phone or computer extractions will be part
9  of the government's case-in-chief. The absence of a phone or computer is the only fact
10 that separates this case from the typical case where the government alleges receipt and
11 possession of CSAM. In short, this is the type of case any Assistant U.S. Attorney in
12 the criminal division can prepare for trial within the time-period requested.

### III.  CONCLUSION

       Counsel respectfully requests a continuance of the trial date to August 18, 2025, and an extension of the pretrial motions deadline to a date consistent with the new trial date. Counsel further asks the Court to exclude the period from the date of the Court's order to the new trial date for purposes of computing the time limitations imposed by the Speedy Trial Act. The Court should deny a request for a longer continuance.

       DATED this 15th day of May 2025.

                                    Respectfully submitted,

                                    s/ *Colleen P. Fitzharris*
                                    Assistant Federal Public Defender
                                    Attorney for Daunisai N. Waqanisau

       I certify this document contains 1,262 words in compliance with the Local Criminal Rules.

MOTION TO CONTINUE TRIAL AND EXTEND
PRETRIAL MOTIONS DEADLINE
(*United States v. Waqanisau*, No. CR25-064-RSM) - 5

**FEDERAL PUBLIC DEFENDER**
**1601 Fifth Avenue, Suite 700**
**Seattle, WA 98101**
**(206) 553-1100**